UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
JUL 2 8 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ANDREA P. FERGUSON, Guardian and Conservator of ANTHONY A. GOMEZ, | * * * * | CIV 05-3010 |
| Plaintiff, | * * | |
| -vs- | * * | ORDER AND OPINION |
| DARIN A. SCHULTZ, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed on June 29, 2005, a motion for summary judgment (Doc. 9), a supporting memorandum of law (Doc. 10), and the required statement of undisputed material facts (Doc. 11). The moving papers were served on plaintiff's attorney the same day.

Pursuant to D.S.D.LR 7.2(A), plaintiff had 20 days after service to respond. Even adding three days for mailing and excluding the last day (which fell during a weekend), the time to respond expired on July 25 and there has been no response served or filed. There has likewise been no request or motion to extend the time to respond. Plaintiff has also failed to comply with D.S.D.LR 56.1(C). Pursuant to D.S.D.LR 56.1(D), the material facts set forth in Doc. 11 are now deemed to be admitted.

It is clear that the duly appointed and acting guardian and conservator of Anthony A. Gomez ("Gomez"), namely Stephen A. Gomez, for valuable consideration executed and delivered a release of all claims on behalf of Gomez, including a release of all joint tort feasors, whether or not named in the release (exhibit C to Doc. 11). The release is poorly drafted in the last sentence of paragraph three but it appears that the intention was to bar all claims for contributions from others. This would include the present defendant. This lawsuit is barred by a release.

The date of the accident was March 10, 2002. Not until March 10, 2005, was Andrea P. Ferguson appointed by the court as the successor guardian and conservator of Gomez. It is true that, at the time she filed this action, she had no legal authority to do so since she had not then been appointed. The court does not find, however, that this is fatal since the court may in the interest of justice order the dropping or adding of a party pursuant to Fed.R.Civ.P. 21. Misjoinder is also not a ground for dismissal of an action. The plaintiff's representatives have acted in a rather cavalier manner but the court would not grant the summary judgment on this basis.

As to what occurred with regard to Dakotacare, it would not seem that defendant would have standing as to this issue. Dakotacare might well be subrogated to the $50,000.00 paid by it on behalf of Gomez but this is not an issue before the court.

There is no genuine issue of any material fact. Plaintiff is in default. The motion should be granted.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion for a summary judgment (Doc. 9) is granted.

2) This action is dismissed without the taxation of costs.

Dated at Aberdeen, South Dakota, this 28th of July, 2005.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Melissa J. Paepke*
DEPUTY
(SEAL)