FILED
SEP - 8 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANDREA P. FERGUSON, Guardian and Conservator of ANTHONY A. GOMEZ, | CIV. 05-3010 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| DARIN A. SCHULTZ, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Following the entry of a summary judgment for defendant, plaintiff filed a motion (Doc. 16) seeking relief pursuant to Fed.R.Civ.P. 60(b). Defendant filed a response (Doc. 17).

On May 7, 2002, Stephen A. Gomez ("Stephen"), the duly appointed and acting conservator and guardian for Anthony Andrew Gomez ("Anthony"), signed a complete release of all claims against State Farm Mutual Automobile Insurance Company ("State Farm") which claims arose out of injuries sustained by Anthony in an automobile accident of March 10, 2002. The release contained other language: "This Release discharges and releases not only the person or corporation specifically named as discharged and released, but all other persons and corporations who are classed as joint tort-feasors under SDCL 15-8-11 through 15-8-22." This would obviously include the present defendant, the operator of the motor vehicle and a person who allegedly caused Anthony's injuries. The release continued, using very confusing language: "It is intended by the parties to completely bar any right of action against any joint tort feasor, whether or not named in this Release, invests (sic) in the person or corporation specifically named as released all rights to contributions from any joint tort feasor not specifically named." What the intent of this language might be is unknown. How could the barring of any action "invest" rights in State Farm? State Farm paid $100,000.00 to obtain this release. What the relationship was between Anthony and State Farm is unknown. I do not understand how State Farm could be a joint tort feasor unless an employee of State Farm was actually involved in the

accident. Normally, a release would cover the insured of State Farm if that insured was involved in the accident. No mention is made of any insured. Apparently, based on the statement of undisputed material facts (Doc. 11) filed by the defendant, State Farm provided underinsured or uninsured motorist coverage to Anthony. In addition, the answer filed in this action alleges that Anthony has been receiving "payments" from the defendant. No details are provided.

Andrea P. Ferguson, purporting to be the guardian and conservator of Anthony started the present action in state court on February 28, 2005. The action was thereafter removed to federal court. No explanation has been offered as to why, if an action was to be brought, the action was not brought by the then guardian and conservator, Stephen.
He was acting in that capacity until March 10, 2005. It is very disturbing to the court that plaintiff and her attorney would show in the caption of the summons and complaint and allege in the complaint that she was the guardian and conservator of Anthony when she and her attorney knew that such statements were false. It would have been a simple matter to allege that she was in the process of making application to be appointed. This was not done. The court takes a dim view of misrepresentations being made in documents filed and presented to a court.

It is still undisputed that plaintiff failed to timely respond to the motion for summary judgment as explained in the Order and Opinion (Doc. 12) of this court. There has been no request or motion to extend the time. Plaintiff also clearly failed to comply with D.S.D.LR 56.1(C) and offers no explanation as to the failure to do so.

The purported assignment of right to contribution (Doc. 16-3) is also a curious instrument. It refers to the assignment of all rights under SDCL 15-18-17, a statute which deals with property subject to levy on execution. Such statute and any rights thereunder would be completely immaterial here. The purported assignment did not become effective until July 25, 2005, the same day that plaintiff's time to respond to the summary judgment motion expired. The purported assignment was signed by Bryce Williby, a purported agent of State Farm. It is well known that State Farm operates through a system of independent insurance agents who are not employees, officers, or directors of State Farm. Normally, a corporate officer would be required to act for State Farm or any other corporation. The assignment recited that State Farm paid $100,000.00 "in full settlement of Gomez' claim against one Darin Schultz." This is a

curious recitation since one would think that the payment was actually made to settle any claims Anthony had against State Farm.

As defendant points out, the release bars Anthony and those acting on his behalf from suing anyone. State Farm may well have had the right to sue for contribution but has not done so.

No showing has been made of newly discovered evidence. It is clear that the "evidence" was or should have been well known to plaintiff and her attorney long before this action was started. There is no allegation in the complaint that plaintiff was acting pursuant to an assignment from State Farm or would be doing so. Even after the motion for summary judgment was filed, thus alerting plaintiff to problems, plaintiff has not sought to amend her complaint to make any reference to an assignment or that the complaint is based on claimed rights of State Farm.

There has been no surprise, excusable neglect, mistake, or inadvertence sufficient to justify relief under Fed.R.Civ.P. 60. "Rule 60(b) provides that 'the court may relieve a party . . . from a final judgment, order, or proceeding' for a variety of reasons, one of them being excusable neglect. Fed.R.Civ.P. 60(b)(1). 'Excusable neglect means good faith and some reasonable basis for noncompliance with the rules.' Ivey v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997) (internal mark omitted) (affirming denial of Rule 60(b) motion where attorney failed to respond to summary judgment motion, noting that 'an attorney's ignorance or carelessness does not constitute 'excusable neglect'")." United States v. Puig, No. 04-2687, 2005 WL 1869042, (8th Cir. August 9, 2005).

The motion should be denied.

Now, therefore,

IT IS ORDERED that the motion (Doc. 16) of plaintiff is denied.

Dated this 8th day of September, 2005.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY
(SEAL)